UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURELIO HERNANDEZ HERNANDEZ,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:25-cv-01841-DJC-CKD

ORDER

On December 17, 2025, the Court granted Petitioner's Motion for Temporary Restraining Order and ordered Respondents to show cause, in writing, as to why it should not issue a preliminary injunction on the same terms as the Temporary Restraining Order.  (ECF No. 11.)  Respondents filed a response (ECF No. 12), and Petitioner filed a reply (ECF No. 13).  Due to a clerical error, the full December 17, 2025 Order was not included on the docket when it was first issued.  As such, the Court granted both parties additional time to supplement their responses if they wished to do so based on the contents of the full order.  (*See* ECF No. 15.)  Neither party filed a supplemental response.

In the initial response filed by Respondents, Respondents continue to oppose the issuance of a preliminary injunction pursuant to 8 U.S.C. § 1225, arguing that

1

Petitioner is an "applicant for admission" under section 1225 and is thus subject to mandatory detention.  (ECF No. 12 at 3–4.)  In light of Respondents' limited opposition which raises arguments the Court previously rejected, (*see* ECF No. 11 at 1–2 (collecting cases)), IT IS HEREBY ORDERED that:

1. A Preliminary Injunction shall issue on the same terms set forth in the Temporary Restraining Order (ECF No. 11).

2. Having released Petitioner as required by the Temporary Restraining Order, Respondents shall not impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.  The case is referred to the Magistrate Judge for all further proceedings.

5. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **January 12, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2